UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Delta Beverage, Inc., *et al.*,                                    Case No. 3:26-cv-17893

      Plaintiffs,

    v.                                                                      MEMORANDUM OPINION
                                          AND ORDER

Jim Canepa, *et al.*,

      Defendants.


## I.     INTRODUCTION AND BACKGROUND

Plaintiffs Delta Beverages, Inc., Crescent Distributions NC, LLC, d/b/a Crescent Canna, Opta Nevada Group LLC, d/b/a/ Cheech and Chong's Beverages, Torch Drinks LLC, Fifty West Brewing Company LLC, Athens Beverage LLC, The Great Lakes Brewing Company, Green Room Brewing LLC, d/b/a Seventh Son Brewing, Florageist, LLC, d/b/a Rhinegeist, SS Beverages 1, Inc., d/b/a Uncle Arnie's, Mile High Cure Corp., Sky Marketing Corp., d/b/a Hometown Hero, Wellness of Willoughby, LLC, d/b/a Thee Hemp Co., and Lifted Liquids, Inc., are companies that manufacture and sell intoxicating hemp-derived products.  (Doc. No. 1).  Plaintiffs either are located in states other than Ohio or manufacture their products with hemp sourced from states other than Ohio, or both.

The Cannabis sativa L. plant contains three intoxicating tetrahydrocannabinol compounds ("THC") – delta-8, delta-9, and delta-10.  Delta-9 is the cannabinoid most associated with marijuana, while hemp-derived products most often contain delta-8.  Ohio law previously defined hemp as that

plant, or any of its parts, with a concentration of no more than 0.3% of delta-9 THC, a statutory definition consistent with that found in federal law. *See* 7 U.S.C. § 1639o(1).

On December 9, 2025, the Ohio General Assembly passed a bill known as Senate Bill 56. Ohio Governor Mike DeWine signed the bill into law on December 19, 2025, and the legislation took effect on March 20, 2026. Among other things, Senate Bill 56 narrowed the definition of hemp to exclude any substance with a total concentration of no more than 0.3% of any intoxicating THC compound. Ohio Rev. Code § 928.01(C). Any substance with a THC concentration greater than 0.3% constitutes marijuana. Ohio Rev. Code § 3719.01(M). While the cultivation and sale of marijuana generally is prohibited by federal and state law, Ohio permits companies to do so if they have obtained a license. *See* Ohio Rev. Code § 3796.18. In order to obtain and maintain a license, a company may not "dispense marijuana from, obtain marijuana from, or transfer marijuana to, a location outside of the state of Ohio." Ohio Admin. Code § 3796:6-3-01(C).

Plaintiffs filed suit against the State of Ohio, the Superintendent of the Ohio Division of Cannabis Control, the Executive Director of the Ohio Investigative Unit, the Superintendent of the Ohio State Highway Patrol, and 96 county and municipal prosecutor's offices, seeking to enjoin those Defendants from taking "any criminal, civil, or adverse administrative government actions" against Plaintiffs "for participating in this State and in an otherwise federally legal market involving hemp and hemp-derived products so long as their conduct comports with federal law and valid State laws predating Senate Bill 56." (Doc. No. 1 at 28). Plaintiffs allege Senate Bill 56 has created an impermissible burden on interstate commerce and deprived them of their right to participate in the interstate market for federally legal intoxicating hemp products in violation of the United States Constitution. (*Id.* at 27-28).

Plaintiffs also filed a motion for a temporary restraining order contemporaneously with their Complaint. (Doc. No. 2). In response to that motion, the State of Ohio filed a motion to stay these

proceedings while the United States Court of Appeals for the Sixth Circuit hears its appeal of a preliminary injunction I entered in *Titan Logistics Group, LLC v. Tischler*, Case No. 3:26-cv-1300 (N.D. Ohio), No. 26-3648 (6th Cir.).  Plaintiffs oppose that motion.  (Doc. No. 20).  For the reasons stated below, I deny the State of Ohio's motion to stay and grant Plaintiffs' motion for a temporary restraining order.

## II.  DISCUSSION

### A.  MOTION TO STAY

The State of Ohio moves to stay this litigation while its appeal of my decision in *Titan Logistics* is pending before the Sixth Circuit.  (*See* Doc. No. 17).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A court may conclude a stay is appropriate because of the "'pending resolution of independent proceedings which bear upon the case at hand.'" *Deluca v. Blue Cross Blue Shield of Michigan*, No. 06-12552, 2007 WL 715304, at *1 (E.D. Mich. Mar. 7, 2007) (quoting *Mediterranean Enter. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983)) (further citations and internal quotation marks omitted).  "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

The parties do not agree on the standard a movant must meet in order to prevail on a motion to stay.  The State of Ohio contends I must "consider the following factors: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court."  (Doc. No. 17 at 6) (citing *Fowler v.*

3

*AT&T, Inc.*, No. 2:23-cv-3172, 2024 WL 2239821, at \*2, 2024 U.S. Dist. LEXIS 88454, at \*4 (S.D. Ohio May 16, 2024)).

But these factors are not to be applied as neutrally as it might appear at first glance.  Rather, "the burden is on the party seeking the stay to show that there is pressing need for delay, *and* that neither the other party nor the public will suffer harm from entry of the order."  *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (emphasis added).  *See also Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864, 1989 WL 78212, at \*8 (6th Cir. 1989) (unreported table decision) ("The most important consideration is the balance of hardships; the moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay.").

For their part, Plaintiffs assert that, because the issues in this case are "identical to *Titan Logistics* . . .," I should apply the standard applicable to a motion to stay an injunction pending appeal.  (Doc. No. 20 at 3).  But Plaintiffs have not identified a case in which a court applied that standard to a motion to stay proceedings because of a pending appeal in a different case.  And I see no reason to adopt that standard as applicable in this case when the Sixth Circuit has identified the relevant parameters of the State of Ohio's burden.  *See, e.g., Ohio Env't Council*, 565 F.2d at 396.

The State of Ohio has failed to carry its burden to show Plaintiffs will not suffer harm in this case is stayed.  As I concluded in *Titan Logistics*, and as I conclude below, the State of Ohio's exclusion of out-of-state companies from the Ohio market for federally legal intoxicating hemp products violates the dormant Commerce Clause and, consequently, Plaintiffs' constitutional rights.  Therefore, I deny the motion to stay.

4

**B.     TEMPORARY RESTRAINING ORDER**

To determine whether a party is entitled to a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, I must examine and weigh the following four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).

As I previously stated:

> "[A]bsent discrimination, 'a State may exclude from its territory, or prohibit the sale therein of any articles which, in its judgment, fairly exercised, are prejudicial to' the interests of its citizens." *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 369 (2023) (quoting *Guy v. Baltimore*, 100 U.S. 434, 443 (1880)).  As a result, a state law that "imposes the same burdens on in-state . . . producers that it imposes on out-of-state ones" does not violate the Constitution. *Nat'l Pork Producers*, 598 U.S. at 370.  *See also Am. Beverage Ass'n v. Snyder*, 735 F.3d 362, 373 (6th Cir. 2013) (holding that a state law that "burdens in-state beverage manufacturers who meet the designated thresholds to the same extent it burdens out-of-state manufacturers who meet the designated threshold . . . does not discriminate against interstate commerce on this basis") (internal quotation marks omitted).

*Titan Logistics Grp. LLC v. Tischler*, Case No. 3:26-cv-1300, 2026 WL 1719313, at *3 (N.D. Ohio June 15, 2026) (alterations by *Titan Logistics*).

The State of Ohio previously conceded that, following the effective date of Senate Bill 56, a company must obtain a license to source and distribute marijuana products in Ohio – which now definitionally include federally legal intoxicating hemp products – and that a company may only obtain such a license if the company's products are sourced, manufactured, and distributed solely within Ohio.[1]  *See id.*  (*See also* Doc. No. 17 at 3).  Because each Plaintiff sources, manufactures, or

---

[1]  The State of Ohio's opposition brief to Plaintiffs' motion for a temporary restraining order is based upon its request for a stay of these proceedings and does not substantively respond to Plaintiffs' arguments in support of their motion.  (*See generally* Doc. No. 17).

both, its intoxicating hemp products outside of Ohio, no Plaintiff is eligible to obtain a license to distribute its products within Ohio's borders.

"'[S]tate laws offend the Commerce Clause when they seek to build up . . . domestic commerce through burdens upon the industry and business of other States, regardless of whether Congress has spoken.'" *Titan Logistics*. 2026 WL 1719313, at \*4 (quoting *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 369 (2023)) (second alteration by *Nat'l Pork Producers*). *See also Titan Logistics*, 2026 WL 1719313, at \*4 (citing *Nat'l Pork Producers*, 598 U.S. at 369, for the proposition that the dormant Commerce Clause's "antidiscrimination principle lies at the very core of [the Supreme Court's] dormant Commerce Clause jurisprudence") (further citations and internal quotation marks omitted).  Following the passage of Senate Bill 56, Ohio law now prohibits out-of-state companies from participating in the federally legal market for intoxicating hemp products within the State of Ohio, while simultaneously permitting in-state companies to do so.  The enforcement of this statutory and regulatory scheme impermissibly burdens out-of-state companies to the benefit of in-state commerce in violation of the dormant Commerce Clause.  Therefore, I conclude Plaintiffs are likely to succeed on the merits of their claims for relief.

Further, as I previously concluded, "Plaintiffs have adequately alleged they will suffer irreparable harm in the absence of preliminary injunctive relief because a finding that a plaintiff established a strong likelihood of success on the merits of an alleged constitutional violation 'mandates' a finding of irreparable harm." *Titan Logistics*, 2026 WL 1719313, at \*5 (quoting *A.C.L.U. of Ky. v. McCreary Cnty., Ky.*, 354 F.3d 438, 445 (6th Cir. 2003), *aff'd sub nom. McCreary Cnty., Ky. v. A.C.L.U. of Ky.*, 545 U.S. 844 (2005) (further citation and footnote omitted).

Finally, I again conclude that "the remaining factors weigh in favor of injunctive relief as well because, as the Sixth Circuit has held ""no cognizable harm results from stopping"' the conduct, and it's "'always in the public interest to prevent' constitutional violations."'" *Titan Logistics*, 2026 WL

1719313, at *5 (quoting *Churchill Downs Tech. Initiatives Co. v. Michigan Gaming Control Bd.*, 162 F.4th 631, 642 (6th Cir. 2025) (further quoting *Vitolo v. Guzman*, 999 F.3d 353, 360 (6th Cir. 2021))).

### III.     CONCLUSION

For the reasons stated above, I deny the motion of the State of Ohio to stay these proceedings.  (Doc. No. 17).  I grant the Plaintiffs' motion for a temporary restraining order, (Doc. No. 2), and enjoin Defendants from taking any criminal, civil, administrative, or regulatory enforcement action against named Plaintiffs, or any person or organization possessing, selling, distributing, or consuming Plaintiffs' products, that involves, is dependent upon, or relates to the statutory definition of "hemp" as amended by Senate Bill 56, so long as the substance or product at issue is legally defined as "hemp" or a hemp-derived product under federal law.

This temporary restraining order shall expire 14 days after issuance unless extended.  *See* Fed. R. Civ. P. 65.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge