UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Delta Beverages, Inc., *et al.*,

Plaintiffs,

v.

Jim Canepa, *et al.*,

Defendants.

Case No. 3:26-cv-1793

ORDER

On October 6, 2026, the State of Ohio Defendants filed a motion to stay the preliminary injunction I previously entered in this case in light of the partial stay entered by the Sixth Circuit Court of Appeals of a substantially similar preliminary injunction in *Titan Logistics Group, LLC v. Tischler*, No. 26-3648 (6th Cir.). (Doc. No. 68). The State of Ohio Defendants acknowledge I previously denied their motion to modify the preliminary injunction without prejudice after concluding this Court lacked jurisdiction to modify the preliminary injunction while that judgment was on appeal. (*Id.* at 1). (*See also* Doc. No. 66). But those Defendants sought a stay of the preliminary injunction in this Court in the first instance pursuant to Rule 8 of the Federal Rules of Appellate Procedure "out of an abundance of caution." (Doc. No. 68 at 1).

Rule 8 provides:

A party must ordinarily move first in the district court for the following relief:

> (A) a stay of the judgment or order of a district court pending appeal;
>
> (B) approval of a bond or other security provided to obtain a stay of judgment; or

> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Fed. R. App. P. 8(a)(1). A party generally may not file a motion to stay an injunction with the court of appeals unless "moving first in the district court would be impracticable" or "the district court denied the motion or failed to afford the relief requested . . . ." Fed. R. App. P. 8(a)(2)(A)(i), (ii). *See also Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Rule 62 of the Federal Rules of Civil Procedure provides that a preliminary injunction order is not stayed if an appeal is taken from that judgment "[u]nless the court orders otherwise." Fed. R. Civ. P. 62(c)(1). The factors considered upon a motion to stay pending appeal are similar to the factors considered in evaluating a motion for a preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)).

As with a motion for a preliminary injunction, "'the likelihood of success on the merits often will be the determinative factor'" in a case involving an alleged constitutional violation. *Thompson v. Dewine*, 959 F.3d 804, 807 (6th Cir. 2020) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)) (further citation omitted). Thus, the State of Ohio Defendants must "make a 'strong showing' of [their] likelihood of success on the merits of [their] appeal to justify the requested stay" of the preliminary injunction on appeal before the court of appeals. *Tenn. v. Cardona*, No. CV 2:24-072-DCR, 2024 WL 3631032, at *2 (E.D. Ky. July 10, 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)) (further citation omitted).

I conclude the record in this case demonstrates the State of Ohio Defendants have a strong likelihood of success on the merits of part on their appeal of the September 4, 2026 preliminary injunction. (*See* Doc. No. 50). In that judgment, I

> enjoin[ed] Defendants from taking any criminal, civil, administrative, or regulatory enforcement action against the named Plaintiffs, or any person or organization possessing, selling, distributing, or consuming Plaintiffs' products, that involves, is dependent upon, or relates to the statutory definition of "hemp" as amended by Senate Bill 56, so long as the substance or product at issue is legally defined as "hemp" or a hemp-derived product under federal law.

(*Id.* at 50).

I entered a substantially similar preliminary injunction in *Titan Logistics*. *See Titan Logistics Grp. LLC v. Tischler*, 838 F. Supp. 3d 733, 740-41 (N.D. Ohio 2026). On appeal, the Sixth Circuit granted the State of Ohio's motion to stay in part, concluding that the preliminary injunction was overboard. *See Titan Logistics Grp LLC v. Tischler*, Case No. 26-3648, Doc. No. 33 (6th Cir. Sept. 25, 2026). The appellate court ordered that "[t]he preliminary injunction remains in effect as to the named Plaintiffs only, and only insofar as it prohibits enforcement of: (1) Ohio Administrative Code 3796:6-3-01(C)'s geographic sourcing restriction or (2) any other requirement that conditions Plaintiffs' market participation on cultivation or processing operations taking place in Ohio." *Id.*, Doc. No. 33 at 11. The Sixth Circuit stayed the preliminary injunction "in all other respects pending appeal." *Id.*

I entered the September 4, 2026 preliminary injunction based upon the same statutory and regulatory provisions and in view of the same legal principles as the *Titan Logistics* preliminary injunction. As I stated elsewhere, I see no reason to think the Sixth Circuit will take a different view of the preliminary injunction in this case. Therefore, I grant the State of Ohio Defendants' motion to stay the preliminary injunction except to the extent "it prohibits enforcement of: (1) Ohio Administrative Code 3796:6-3-01(C)'s geographic sourcing restriction or (2) any other requirement that conditions Plaintiffs' market participation on cultivation or processing operations taking place in Ohio." *Id.*

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge