UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Delta Beverages, Inc., *et al.*,

Plaintiffs,

v.

Jim Canepa, *et al.*,

Defendants.

Case No. 3:26-cv-1793

ORDER

On October 7, 2026, I granted the motion of the State of Ohio Defendants to stay the preliminary injunction I previously entered in this case in light of the partial stay entered by the Sixth Circuit Court of Appeals of a substantially similar preliminary injunction in *Titan Logistics Group, LLC v. Tischler*, No. 26-3648 (6th Cir.). (Doc. No. 69). Plaintiffs filed a motion for reconsideration, arguing the stay impermissibly modified the preliminary injunction beyond the limited scope of this Court's jurisdiction and that I failed to adequately weigh the irreparable harm they would suffer from the stay. (Doc. No. 70).

Plaintiffs' motion is not the run-of-the-mill motion for reconsideration, as I acknowledge I granted the motion to stay one day after the State of Ohio Defendants filed the motion and before Plaintiffs filed a brief in response to the motion. But, notwithstanding the fact that Plaintiffs had not yet weighed in, I concluded it was appropriate to move forward with a decision on the merits of the motion to stay because Plaintiffs had offered a substantive response to the merits of the State of Ohio Defendants' substantially-similar motion to modify the preliminary injunction and the Sixth Circuit's clear directive as to the scope of the preliminary injunction in *Titan Logistics*.

While "[d]istrict courts have inherent power to reconsider interlocutory orders," *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991), the bar for granting a motion for reconsideration is set high. *See, e.g., Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (*citing Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)) ("The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

Like Plaintiffs, I respectfully maintain the view that enjoining only the in-state requirement of Ohio Administrative Code § 3796:6-3-01(C) is an insufficient remedy, as there appears to be little to no chance that the State of Ohio will adopt new regulations permitting out-of-state companies from selling intoxicating hemp products in Ohio before those products become illegal under federal law. But neither I nor Plaintiffs cannot dispute that the Sixth Circuit plainly believes otherwise.

Moreover, while Plaintiffs argue the partial stay alters the status quo between them and Defendants as memorialized in the preliminary injunction order, any such "status quo" no longer exists in the same legal realm as it did at the time of that order.[1] The Sixth Circuit was unequivocal in its conclusions that an identical preliminary injunction was overbroad and that that overbreadth would cause the State of Ohio to suffer irreparable injury because it prohibited the state "from enforcing its duly enacted laws." *Titan Logistics*, No. 26-3648, Doc. No. 33 at 10. Thus, Plaintiffs cannot establish that they will suffer irreparable harm from the partial stay because the Sixth Circuit already has concluded that factor weighs in favor of, not against, a stay.

---

[1] Further, I am not persuaded by Plaintiffs' argument that a stay of a preliminary injunction is equivalent to a modification of that injunction. Rule 62 of the Federal Rules of Civil Procedure plainly contemplates that a district court may issue a stay of a preliminary injunction even after an enjoined party has filed a notice of appeal. *See* Fed. R. Civ. P. 62(c), (d).

I conclude Plaintiffs have not carried their burden to show reconsideration is appropriate and I deny their motion.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge